## W. E. ABBOTT v. CITY OF McALESTER.

No. A-1200. Opinion Filed January 27, 1912.

(120 Pac. 668.)

1. INTOXICATING LIQUORS—Illegal Sale—United States License—Evidence—Statutes Applicable. The provision of the statute to the effect that the payment of the special tax required by the United States by any person within this state shall constitute prima facie evidence of an intention to violate the prohibitory law is a statutory rule of evidence, and made applicable by the Legislature only in cases arising under the law of which it is a part.

2. INTOXICATING LIQUORS—Municipal Ordinances. Cities of the first class, under their charter powers, are authorized to enact a similar provision relative to the violation of the prohibitory law arising under municipal ordinance, or the Legislature may do so. But the courts cannot, by judicial construction, extend the rule beyond the expressed intention of the Legislature.

3. MUNICIPAL CORPORATIONS—Violation of Ordinance—Prosecution. A prosecution instituted by a city for a violation of a police regulation is strictly a proceeding between the municipality and the person accused, both in the city court and in the county court to which it may be appealed under the general provisions of the statute.

(Syllabus by the Court.)

*Appeal from Pittsburg County Court; B. P. Hammond, Judge.*

W. E. Abbott was convicted of violating the prohibitory law, and appeals. Reversed and remanded.

*J. G. Harley* and *Jas. R. Miller,* for plaintiff in error.

*Smith C. Matson* and *E. G. Spilman,* Asst. Attys. Gen., for defendant in error.

ARMSTRONG, J.   Plaintiff in error was convicted in the police court of the city of McAlester, and appealed to the county court of Pittsburg county, where he was again convicted, and from the latter judgment appeals to this court.

The only question we deem it necessary to discuss, and the only one argued at any length in the brief, is the following instruction of the trial court:

"The law provides that the payment of the special tax required of liquor dealers by the United States by any person within this state shall constitute *prima facie* evidence of an intention to violate the prohibition law."

Exception was duly reserved to this instruction, and the giving of it assigned as error.

It is urged that this rule does not apply to prosecutions for violations of a municipal ordinance of a city of the first class in the absence of an enactment by the city council following the provision of the statute.   The provision in question is as follows:

"The payment of the special tax required of liquor dealers by the United States by any person within this state, except local agents appointed as hereinbefore provided, shall constitute *prima facie* evidence of an intention to violate the provisions of this act." (Section 4181, Snyder's Statutes.)

The Legislature appears to have limited the scope of this provision to violations of the prohibitory law passed by the General Assembly of 1907-08 (Laws 1907-08, c. 69, art. 3).   The general rules of evidence are applicable to prosecutions in municipal courts, and a great many of the statutory changes in the rules are likewise made applicable, depending always upon the plain intent of the lawmaking body, express or implied.   The Legislature could have made the provision in question apply to this class of prosecutions, but it did not do so.   It specifically limits this rule of evidence to violations of the *provisions of the act of which it is a part.*   In order to make this provision apply

to prosecutions in city courts, we would have to read into the act the words "or any other prohibitory statute of the state, or ordinance of any municipality." This would be purely judicial legislation. It is within the power of the Legislature to add this to the act, but not within the legitimate powers of this court to do so. The city council of McAlester, under its charter powers, could pass an ordinance providing that the proof of payment of the special tax should be taken as *prima facie* evidence of intent to violate their ordinance prohibiting the sale of intoxicating liquor, or possession thereof with intent to sell, but this record discloses no such ordinance.

The issues joined in this case are strictly between the city of McAlester and the accused; the state not being a party to the prosecution. This court in *Re Simmons* held that cities of the first class had a right to pass an ordinance prohibiting the sale or possession of intoxicating liquors for the purpose of sale, and this in the face of the statute dealing with the same subject, on the theory that there were two separate jurisdictions. See *In re Simmons*, 5 Okla. Cr. 399, 115 Pac. 380.

We are of the opinion that the instruction given was not warranted by the law. We think, however, that the city could prove the payment of the special tax as a circumstance to be considered by the jury, and the court should have so instructed the jury; but no such proof would constitute *prima facie* evidence of intent, and would not be sufficient in itself to sustain a conviction on a charge of unlawful possession with intent to sell, and the jury should be so informed by proper instructions, until the Legislature or city council otherwise provides.

Let the judgment be reversed and a new trial awarded.

FURMAN, P. J., and DOYLE, J., concur.